**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SPANO,

       Plaintiff,                      Case No. 04-74623

vs.                                    HONORABLE NANCY G. EDMUNDS
                                     HONORABLE STEVEN D. PEPE

DAIMLERCHRYLSER CORPORATION

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Defendant has filed a motion for summary judgment which was referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, Defendant's motion should be GRANTED.

I.     Background

On October 21, 2004, Plaintiff filed a complaint in the Small Claims Division of State of Michigan 71-A District Court in Lapeer County alleging that Defendant improperly withheld $331.71 from his paycheck for insurance reimbursement. Defendant removed the case to United States District Court for the Eastern District of Michigan claiming the case relates to an "Employee Benefit Plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1102(1), and the Court has "federal question" jurisdiction pursuant to 29 U.S.C. §1132(f).

Plaintiff is Defendant's employee, and a member of the U.A.W. Union. As part of his employment, he receives health insurance for himself and any eligible dependents. Children are eligible for coverage as dependents if they reside with the employee, and, if aged 19 to 25, attend school full-time as defined in 26 U.S.C. §151. See, Defendant's Motion, Exhibit A, pp. 4-6.

Defendant has the right to determine eligibility of dependents, and requires that employees furnish any "documentation that may be necessary to substantiate the claimed eligibility of a dependent." Defendant's Motion, Exhibit A, p. 5. Employees are warned that "[r]efusal or failure to furnish a dependent's social security number or any other documentation necessary, when requested to do so, shall result in denial or withdrawal of eligibility for such dependent." Defendant's Motion, Exhibit A, p. 5.

Plaintiff's child, Angela, was enrolled as a dependent under his health insurance policy. On July 19, 2004, Defendant sent Plaintiff a letter requesting verification of Angela's home address and her status as a full-time student for the period of January 1, 2001, to August 31, 2002. According to Defendant, Plaintiff failed to provide the requested information, and the company concluded that Angela was not an eligible dependant for that time period. Defendant sought to recover $331.71 that had been paid in benefits during that time period by deducting it from Plaintiff's pay.

On February 17, 2005, Judge Edmunds ordered that each party submit by March 17, 2005, a statement whether there is a "procedural challenge in the ERISA case." Defendant filed a statement of no procedural challenge, while Plaintiff failed to respond. On April 29, 2005, Defendant filed this motion for summary judgment. On May 6, 2005, Plaintiff was ordered to reply to Defendant's motion for summary judgment by May 23, 2005, but did not respond.

Defendant argues that the denial of benefits was not capricious or arbitrary, but completely consistent with its written policy. Defendant further argues that Plaintiff failed to exhaust his administrative remedies. Because Plaintiff has not responded, this Report and Recommendation is based on the facts available.

II.     ANALYSIS

### A.     Summary Judgment - Fed. R. Civ. P. 56

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

B.  ERISA Standard of Review

A challenge to a denial of employee benefits under section 1132(a)(1)(B) is reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989)*; Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). When the benefit plan gives the fiduciary or administrator discretionary authority to determine eligibility for benefits, the highly deferential arbitrary and capricious standard of review applies. *Id.* A benefit plan administrator's decision on eligibility for benefits is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Id.* at 984 (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)). When a court reviews a denial of benefits under ERISA, it may consider only the evidence that was available to the administrator when the final decision was made. *Id.* at 986.

C.  Factual Analysis

Defendant moves for summary judgment claiming that its denial of benefits to Angela was consistent with the terms of the policy, and that Plaintiff failed to exhaust administrative remedies.

Before beginning an analysis of Defendant's decision to deny benefits, the appropriate standard of review must be determined. Clear language from the policy vests discretion to determine eligibility of dependents for benefits with the Defendant. Defendant's Motion, Exhibit A, p. 5 ("The Corporation shall have the right of determining eligibility of a dependent, consistent with the provisions of this Program"). This means the Court will review Defendant's decision to see if it was arbitrary or capricious. *See, Miller*, 925 F.2d at 983-84.

Defendant believed that Angela was no longer qualified for benefits under the written terms

of its policy.  Defendant sent a letter on July 19, 2004, to Plaintiff requesting a copy of Angela's driver's license or state ID card to establish her home address, and a copy of her grade transcript to establish whether she was a full-time student.  Defendant's Motion, Exhibit B.  It is undisputed that Plaintiff did not furnish the requested documents.  Under the clear written terms of the policy, "[r]efusal or failure to furnish a dependent's social security number or any other documentation necessary, when requested to do so, shall result in denial or withdrawal of eligibility for such dependent." Defendant's Motion, Exhibit A, p. 5.  There is no allegation that Defendant applied this policy differently to Plaintiff than to anyone else.   From the language of the letter dated July 19, 2004, it appears that at least one other notice was sent to Plaintiff requesting documentation before the decision that she was ineligible was reached.  Defendant's Motion, Exhibit B.

Defendant was not arbitrary and capricious in denying benefits to Angela after Plaintiff's failure to respond to either request for information, in clear violation of the language of the policy. *See, McDuffey v. Michigan Conference of Teamsters Welfare Fund*, 872 F.Supp. 402 (E.D. Mich. 1994) ("Under the arbitrary and capricious standard of review, an administrator's decision will be overturned only upon a showing of internal inconsistency, bad faith, or some other ground for calling such determination into question").  Defendant is entitled to summary judgment because its denial of benefits was not arbitrary and capricious.

Defendant also contends that Plaintiff failed to exhaust his administrative remedies.  *See Ravencraft v. UNUM Life Ins. Co.*, 212 F.3d 341, 343 (quoting *Miller*, 925 F.2d at 986 (6th Cir. 1991)) ("'[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit.'  This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion").  Outlined in Exhibit C of Defendant's

Motion, are steps to be taken by an employee who disputes a denial of a claim or enrollee. First, the employee may request a review of the reasons for the denial with a representative from management or the local plan carrier. Then, if the local Union representative disputes the local plan carrier's position, he or she may refer the case to International Union for review with Defendant. Defendant must provide, upon request of the International Union, specific reasons for denial.

Rather than pursue his claim through the channels listed above, Plaintiff filed the present complaint. There is no evidence that Plaintiff attempted to review his claim through these channels, or had a good cause not to. Thus Plaintiff failed to exhaust his administrative remedies, and Defendant is also entitled to summary judgment on this ground.

III.    RECOMMENDATION

IT IS RECOMMENDED that Defendant's motion for summary judgment should be GRANTED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 11, 2005
       Ann Arbor, Michigan

s/STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

Certificate of Service

    I hereby certify that on July 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark Miller, and I further certify that I mailed a copy to the following non-ECF participant: David Spano.

s/William J. Barkholz
Courtroom Deputy Clerk